UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO BATTON,<br><br>        Plaintiff,<br><br>    v.<br><br>A. ZARATE, et al.,<br><br>        Defendants. | Case No. 1:21-cv-00571-JLT (PC)<br><br>**ORDER DENYING PLAINTIFF'S SECOND REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>(Doc. 15) |

On July 2, 2021, Plaintiff filed a motion seeking the appointment of counsel. (Doc. 13.) The Court denied the motion without prejudice. (Doc. 14.) Plaintiff has filed a second request for appointment of counsel. (Doc. 15.) In support of the motion, Plaintiff submits a Rules Violation Report from April 2020, a copy of the prior order denying appointment of counsel, and consent form for psychotropic medication. (*See id.* at 3–10.)

As previously discussed, Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). The Court may request the voluntary assistance of counsel under section 1915(e)(1). *Rand*, 113 F.3d at 1525. However, without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether exceptional circumstances

1   exist, the district court must evaluate both the likelihood of success of the merits and the ability of
2   the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.
3   *Rand*, 113 F.3d at 1525.

4   These exhibits do not indicate exceptional circumstances that warrant appointment of
5   counsel. The Rules Violation report describes an event in which the plaintiff was engaged in a
6   fight with another inmate and despite orders and the use of OC spray, the plaintiff refused to
7   comply with order to stop fighting. (Doc. 15 at 4) When the plaintiff was atop the other inmate
8   and was beating him, the officer shot twice at the combatants with an "impact baton round,"
9   which caused the stopped the fight. Id. Plaintiff refers the Court to a notation at the end of the
10  narrative, which reads, "PERNR #13050, MH:CCCMS, TABE 2.1." The Court cannot discern
11  the meaning of these notes.

12  The plaintiff also refers to an order prescribing him Prazosin to treat PTSD. (Doc. 15 at
13  10) The medical professional indicates that the form may require the plaintiff to need "Additional
14  time," to need "Basic" accommodations and to be "Slower." Id. Plaintiff concludes that he will
15  not be able to read due to taking this medication. Why he comes to this conclusion is not
16  explained. Likewise, he offers no evidence that being diagnosed with PTSD would interfere with
17  his abilities to prosecute this case. Notably, he was diagnosed with this condition and prescribed
18  with this medication more than 20 months ago, and despite this, he has written and filed a cogent
19  motion for appointment of counsel just a couple of months ago. (Doc. 8)

20  Finally, the plaintiff submits a declaration from another inmate who reports that the other
21  inmate wrote the complaint and the second application for appointment of counsel. Id. at 2. In
22  comparing the two complaints and the second motion for appointment of counsel, it *does* appear
23  as though these documents were prepared by someone other than Mr. Batton, because the
24  handwriting seems very different. However, as noted above, there is no contention that Mr.
25  Batton did not write the original motion for appointment of counsel while he was housed in San
26  Diego. *See* Doc. 13.

27  As previously reported, the fact that an attorney is well-versed in the law and procedures
28  and he is not, does not make his case exceptional for purposes of appointment of counsel. This

Court is faced with this situation daily. Likewise, the Court knows of only very few attorneys willing to take on cases such as this, and it must conserve these resources for those cases where the law requires appointment of counsel. Indeed, at this point, the Court cannot determine that the plaintiff is likely to succeed on the merits. Moreover, based on a review of the record, the Court finds that Plaintiff is can articulate his claims adequately. *Id.*

For the foregoing reasons, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's second motion for the appointment of counsel. (Doc. 15.)

IT IS SO ORDERED.

Dated: __**July 22, 2021**__         _ **/s/ Jennifer L. Thurston**
                                                                       CHIEF UNITED STATES MAGISTRATE JUDGE