UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO BATTON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>A. ZARATE, et al.,<br><br>　　　　　Defendants. | Case No. 1:21-cv-00571-BAK(GSA) (PC)<br><br>**ORDER DENYING PLAINTIFF'S FOURTH REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>(ECF No. 24) |

　　　　Plaintiff has filed a fourth request for appointment of counsel, which is substantively the same as his prior requests. (ECF No. 24.) Plaintiff argues again that he has a Test of Adult Basic Education reading score of 2.1, in addition to mental and physical disabilities. In support of the motion, Plaintiff submits mental health care records.

　　　　As previously discussed, Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989). The Court may request the voluntary assistance of counsel under section 1915(e)(1). Rand, 113 F.3d at 1525. However, without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits

and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.  Rand, 113 F.3d at 1525.

While the records demonstrate that Plaintiff suffers from multiple physical and mental conditions, they do not indicate exceptional circumstances that warrant appointment of counsel.  Even assuming that Plaintiff is not well-versed in the law and that he has made serious allegations, which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily.  At this early stage in the proceedings the Court cannot make a determination that Plaintiff is likely to succeed on the merits.  Moreover, based on a review of the record the Court finds that Plaintiff is able to articulate his claims adequately. Id.

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's fourth motion for the appointment of counsel, (ECF NO. 24.), is DENIED.

The Court ORDERS Plaintiff to stop filing duplicative, failed motions.  The practice burdens the docket and interferes with its ability to consider pending matters.  Failure to comply with this Order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated:   **July 25, 2022**           **/s/ Gary S. Austin**
                                     UNITED STATES MAGISTRATE JUDGE